MOEISOGI TUPUA, Plaintiff

v.

MUSU FALEAFINE, VILIVILI SILAFAU,
and MAKERITA SILAFAU, Defendants

MOEISOGI TUPUA, Plaintiff

v.

MUSU FALEAFINE, MISA NILO, LAINA MISA,
and the TERRITORIAL REGISTRAR OF AMERICAN SAMOA,
Defendants

High Court of American Samoa
Land & Titles Division

LT Nos. 16-86 & 39-86

August 13, 1987

Before KRUSE, Associate Justice, LUALEMAGA, Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiff, Albert Mailo
For Defendants Vilivili and Makerita Silafau, Charles Ala'ilima
For Defendant Musu Faleafine, Togiola T.A. Tulafono

Opinion and Order on Motion to Dismiss:

Defendants, Musu Faleafine et. al., move for dismissal of the complaint on two grounds:

(1) That plaintiff's complaint avers a controversy concerning "communal" lands, and this action was commenced in the Lands and Titles Division of the High Court without compliance with the "mandatory" provisions of A.S.C.A. § 43.0302(a).

(2) That plaintiff's failure to timely object to defendant Faleafine's registration of land application with the Territorial Registrar, pursuant to A.S.C.A. § 37.0103, "estop[s]" plaintiff "from attacking the registration of this land by a collateral proceeding."

## A. A.S.C.A. § 43.0302(a)

This enactment provides that "[b]efore any action relating to controversies over communal land . . . may be commenced in the lands and titles division, each party shall file with his complaint a certificate signed and attested by the Secretary of Samoan Affairs or his deputy" certifying that the procedure set out in the enactment (requiring a prior attempt to resolve the dispute before the Office of Samoan Affairs) has been undertaken without success, and that absent such certification the controversy cannot be resolved.

Defendants argue that the complaint herein was filed in the lands and titles division without heed to this provision.

Plaintiff, while acknowledging that the complaint was filed without the requisite

certificate of irreconcilable dispute from the Secretary of Samoan Affairs, contends that the statute's requirements are "procedural" in nature and not "jurisdictional," citing the annotations to the enactment.

The first observation that may be made of plaintiff's argument is that there is no magic in the labels "procedural" and "jurisdictional" which would in any way add to, or take away from, the very clear legislative directive that a litigant who has a dispute concerning "communal" lands must first take his dispute before the Office of Samoan Affairs, prior to going to the Courthouse. The only exception to this requirement is the emergent need for preliminary injunctive relief to avert irreparable harm. See A.S.C.A. § 43.0302(b). Otherwise the enactment is of general application.

Secondly, the mere labeling of a defective pleading as "procedural" does not render such a pleading beyond dismissal in the proper and appropriate context. See TCRCP Rules 12(b)(1)-(5) and (7), which provide procedural grounds for dismissal.

The Court is not, however, entirely satisfied that circumstances herein necessarily warrant a dismissal of the complaint on the ground advanced. The defendants have answered the complaint and have entered appearances in open court with stipulations to consolidate. We take guidance from A.S.C.A. § 3.0242, which permits consideration of the equitable and the convenient, and we determine that the requirements of A.S.C.A. § 43.0302(a) may be secured under the circumstances by staying the action from further going forward, pending compliance with the proceedings with the Department of Samoan Affairs.

### B. A.S.C.A. § 37.0103

Defendants' contention here is that the land registration procedure set out in § 37.0103 provides the exclusive manner for filing objections or adverse claims. Plaintiff did not file an objection within the sixty-day time frame provided by the enactment, and accordingly the filing of this action is tantamount to an "indirect objection" which cannot be considered. Defendants cite Puluti v. Muliufi, 4 A.S.R. 672 (1965).

While defendants have styled their motion as one to dismiss, they have done so without

-133-

sufficient particularity to indicate the defense(s) asserted, as required under TCRCP Rule 12(b). The Court, however, views the motion as addressing the defense of failure to state a claim under Rule 12(b)(6), as opposed to defenses of avoidance under Rules 12(b)(1)-(5) and (7). As noted above, the latter basically address procedural defects in the claim, while here, defendants' motion alludes to a statute (A.S.C.A. § 37.0103) as a basis in law, to bar relief.

The often stated standard with motions of the type before us is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). Given this standard, it has also been said that dismissal is only proper "when some insuperable bar to relief is obvious from the face of the complaint." Battle v. Liberty Nat. Life Ins. Co., 493 F.2d 39, 44 (5th Cir. 1974), cert. denied 419 U.S. 1110 (1975).

On the above, and considering the cited enactment, as well as having perused the complaint with the required liberality, the Court concludes that the bar[1] spoken of in the enactment, may only sensibly operate against an objector if in fact the proposed registrant has complied with the statutory procedures set out thereunder. See A.S.C.A. § 37.0103(c). These procedures were obviously designed to give notice to all potential objectors to a proposed registration. See §§ 37.0102(c) and 37.0103(a).

We find no insuperable bar to relief as being obvious from the face of the complaint and therefore deny the motion.

It is accordingly Ordered that the proceedings herein are stayed pending satisfactory compliance with the requirements of A.S.C.A. § 43.0302(a).

---

1 For purposes hereof, we do not at this stage intimate a position one way or the other on the merits of this defense.